WARD COUNTY CIVIL DOCKET
CAUSE # 15-09-23690-CVW

| | |
|---|---|
| BACA, MATTHEW S. | ATTORNEY: HANNA,JON<br>319 NORTH GRANT AVE.<br>ODESSA, TX 79761<br>(432)580-4878 |
| RIVERA, ERIC | ATTORNEY: HANNA,JON<br>319 NORTH GRANT AVE.<br>ODESSA, TX 79761<br>(432)580-4878 |
| BACA, MATTHEW S. | ATTORNEY: MALHOTRA,RAHUL<br>319 NORTH GRANT, STE 200<br>ODESSA, TX 79761<br>(432)580-4878 |
| RIVERA, ERIC | ATTORNEY: MALHOTRA,RAHUL<br>319 NORTH GRANT, STE 200<br>ODESSA, TX 79761<br>(432)580-4878 |

-- vs. --

| | |
|---|---|
| EDWARDS, THOMAS W. | ATTORNEY: MAYER,ZACH T.<br>3700 THANKSGIVING TOWER<br>1601 ELM STREET<br>DALLAS, TX 75201<br>(214)777-4214 |
| EDWARDS, THOMAS W. | ATTORNEY: TAYLOR,TORY F.<br>ONE RIVERWAY, SUITE 1000<br>HOUSTON, TEXAS 77056<br>(713)418-2000 |
| ROYALTY WELL SERVICES INC. | ATTORNEY: TAYLOR,TORY F.<br>ONE RIVERWAY, SUITE 1000<br>HOUSTON, TEXAS 77056<br>(713)418-2000 |
| TRAVELERS PROPERTY CASUALTY COMPANY OF | ATTORNEY: HARMON,J. RICHARD<br>700 N. PEARL STREET,<br>25TH FLOOR<br>DALLAS, TX 75201<br>(214)871-8200 |

CAUSE OF ACTION: INJURY OR DAMAGE INVOLVING A MOTOR VEHICLE
FILE DATE: 09/22/2015

| DATE | NATURE OF PROCEEDINGS |
|---|---|
| 09/22/2015 | ORIGINAL PETITION CIVIL |
| | PL'S ORIG PETITION; ATTY - R MALHOTRA |
| 09/22/2015 | COPIES - NON-CERTIFIED |
| 09/24/2015 | ISSUE CITATION |
| | CIT ISD (T EDWARDS) MAILED BACK TO ATTY FOR PROCESS |
| 09/22/2015 | JURY FEE |
| 09/22/2015 | SERVICE - CERTIFIED MAIL |
| 09/24/2015 | RECEIPT ISSUED |
| | WARD COUNTY CIVIL DOCKET |
| | CAUSE # 15-09-23690-CVW |

EXHIBIT 2

CAUSE OF ACTION: INJURY OR DAMAGE INVOLVING A MOTOR VEHICLE
FILE DATE: 09/22/2015

===============================================================================
DATE                          NATURE OF PROCEEDINGS
===============================================================================
210915
09/24/2015          CITATION
CERT CIT ISD (ROYALTY WELL SRVC); DELIV 9-29-15; SIGNED BY K JURADO; NOTIFIED 10-1-15
10/19/2015          JURY FEE
10/19/2015          ANSWER
DF'S ORIGINAL ANSWER AND JURY DEMAND (DEF ROYALTY WELL SERVICE) - ATTY TORY F. TAYLOR
10/19/2015          RECEIPT ISSUED
210963
10/22/2015          SPECIAL EXCEPTIONS
PL'S SPECIAL EXCEPTIONS TO DF'S ORIG ANSWER & JURY DEMAND
10/22/2015          CERTIFICATE OF WRITTEN DISCOVERY
CERTIFIC OF WRITTEN DISCOVERY
10/22/2015          CRT LTR SETTING
JT 6-20-16@9:00AM; JT STATUS REPORT 1-20-16 @5:00PM
10/23/2015          CRT LTR SETTING
PLT'S SPEC EXCEPTIONS SET 11-20-15 @2:00PM
10/30/2015          ORDER FOR JOINT STATUS
ORDER FOR JT STATUS REPORT
11/18/2015          CRT LTR SETTING
PL'S SPECIAL EXCEPTION CONT FROM 11-20-15 TO 12-4-15 @2:00PM
12/04/2015          CERTIFICATE OF WRITTEN DISCOVERY
CERTIFICATE OF WRITTEN DISCOVERY
12/09/2015          OTHER
DECLARATION OF NOT FOUND ON THOMAS W. EDWARD FROM ARLETTE; C/ATTY
12/18/2015          MOTION
DF THOMAS W. EDWARDS MT TO SUB COUNSEL
12/18/2015          ORDER
ORDER MT TO SUB COUNSEL; GAVE TO CA FOR JUDGE TO SIGN ON 12-18-15
12/18/2015          MOTION
DF'S MT FOR PROTECTION & EXTENSION OF TIME TO RESPOND TO DISCOVERY
12/18/2015          ORDER
DF'S MT FOR PROTECT TO RESPOND TO DISC. GAVE TO CA FOR JUDGE TO SIGN ON 12-18-15
01/04/2016          CRT LTR SETTING
DF'S MT SET 1-15-16 @2:00PM
01/05/2016          ORDER
ORDER GRANTING MT TO SUB COUNSEL FOR DEF EDWARDS (ZACH T MAYER SUBSTITUTED FOR ATTYS
TAYLOR AND GIBSON) C/ATTY'S
01/07/2016          MOTION
PL M.BACA'S MOTION TO COMPEL DF'S TO DISC. AND MOTION FOR SANCTIONS AND RESP. TO DF &
AMP; EXT. OF TIME TO RESP. TO DISC.
01/20/2016          JOINT/STATUS
JOINT STATUS REPORT (C/ TO CATHY )
01/21/2016          CRT LTR SETTING
PL'S BACA'S MT COMPEL 2-5-16 @ 2:00PM
01/22/2016          CRT LTR SETTING
PL'S BACA'S MT TO COMPEL 2-5-16
01/22/2016          CRT LTR SETTING
JT CONT. 10-17-16 @ 9:00AM
01/26/2016          REQUEST
REQUEST FOR IDENTIFICATION ON INFO AND MATERIAL WITHHELD PURSUANT TO ASSERTION OF
PRIVILEGE
04/05/2016          AMENDED PETITION
                    WARD COUNTY CIVIL DOCKET
                    CAUSE # 15-09-23690-CVW
===============================================================================

EXHIBIT 2

CAUSE OF ACTION: INJURY OR DAMAGE INVOLVING A MOTOR VEHICLE
FILE DATE: 09/22/2015

| DATE | NATURE OF PROCEEDINGS |
|---|---|

PL'S 1ST AMENDED PETITION
04/25/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO ERIC RIVERA;
$491.74; CHARGED TO DF ATTY RICK GIBSON
04/26/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO ERIC RIVERA;
$277.56; CHARGED TO DF ATTY RICK GIBSON
04/26/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO MATTHEW S.BACA;
$125.45; CHARGED TO DF ATTY RICK GIBSON
04/26/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO MATTHEW S. BACA;
$216.30; CHARGED TO DF ATTY RICK GIBSON
04/26/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO MATTHEW S. BACA;
$240.05; CHARGED TO DF ATTY RICK GIBSON
04/26/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO MATTHEW S. BACA;
$609.30; CHARGED TO DF ATTY RICK GIBSON
04/26/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO MATTHEW S. BACA;
$141.45; CHARGED TO DF ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY; BACK PAIN INST. OF WEST TX BILLING RECORDS
PERTAINING TO ERIC RIVERA: $179.35 PD BY DF'S ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY; STEPHANIE JO DYER, MD BILLING RECORDS
PERTAINING TO ERIC RIVERA; $178.35 PD BY DF'S ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: STEPHANIE JO DYER, MD MEDICAL RECORDS &
DIAGNOSTIC IMAGING PERTAINING TO ERIC RIVERA: $214.05 PD BY DF'S ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: NORTHSHORE ORTHOPEDICS MEDICAL RECORDS &
DIAGNOSTIC IMAGING PERTAINING TO ERIC RIVERA: $491.74 PD BY DF'S ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: RALPH CEPERO, MD MEDICAL RECORDS PERTAINING TO
ERIC RIVERA: $141.45 PD BY DF'S ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: WARD MEMORIAL HOSPITAL MEDICAL RECORDS
PERTAINING TO ERIC RIVERA: $277.56 PD BY DF'S ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: BACK PAIN INST. OF WEST TX BILLING RECORDS
PERTAINING TO MATTHEW S. BACA: $125.45 PD BY DF'S ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: DR. SUSAN VAN DE WATER BILLING RECORDS
PERTAINING TO MATTHEW S. BACA: $216.30 PD BY DF'S ATTY RICK GIBSON
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: WARD MEMORIAL HOSPITAL DIAGNOSTIC IMAGING
PERTAINING TO MATTHEW S. BACA: $240.05 PD BY DF'S ATTY RICK GIBSON
06/02/2016          OTHER
JACKET 2
06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: BACK PAIN INST. OF WEST TX MEDICAL RECORDS &
WARD COUNTY CIVIL DOCKET
CAUSE # 15-09-23690-CVW

EXHIBIT 2

CAUSE OF ACTION: INJURY OR DAMAGE INVOLVING A MOTOR VEHICLE
FILE DATE: 09/22/2015

| DATE | NATURE OF PROCEEDINGS |
|------|----------------------|

DIAGNOSTIC IMAGING PERTAINING TO MATTHEW S. BACA: $609.30 PD BY DF'S ATTY RICK
GIBSON: STARTED JACKET #2

06/02/2016          CERTIFICATE
CERTIFIC BY OFFICER & NT OF DELIVERY: DR. SUSAN VAN DE WATER MEDICAL RECORDS &
DIAGNOSTIC IMAGING PERTAINING TO MATTHEW S. BACA: $141.45 PD BY DF'S ATTY RICK
GIBSON

08/10/2016          MOTION
JOINT MT FOR CONT FIRST & FOR ENTRY OF AGREED DOCKET CONTROL ORDER

08/26/2016          ORDER
AGREED DOCKET CONTROL ORDER C/ATTY'S

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY ; DEPO PERTAINING TO ERIC RIVERA ; $
407.20 CHARGE TO DF RICK GIBSON

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO ERIC RIVERA;
$101.00 CHARGE TO ATTY RICK GIBSON

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY;DEPO PERTAINING TO ERIC RIVERA;
$188.70 CHARGE TO DF ATTY RICK GIBSON

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY;DEPO PERTAINING ERIC RIVERA ; $841.30
CHARGE TO DF ATTY RICK GIBSON

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY;CERTIFICATION BY OFFICER & NOTICE OF
DELIVERY; DEPO PERTAINING TO ERIC RIVERA ; $219.50 CHARGE TO DF ATTY RICK GIBSON

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY;DEPO PERTAINING TO MATTHEW S. BACA;
$125.45 CHARGE TO DF ATTY RICK GIBSON

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY;DEPO PERTAINING TO MATTHEW S. BACA;
$188.70 CHARGE TODF RICK GIBSON

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO MATTHEW S. BACA ;
$558.65 CHARGE TO DF ATTY RICK GIBSON

08/30/2016          CERTIFICATE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; DEPO PERTAINING TO MATTHEW S. BACA;
$ 204.70 CHARGE TO DF ATTY RICK GIBSON

09/07/2016          OTHER
PLAINTIFF M BACA'S DESG OF EXPT WITNESSES

09/13/2016          OTHER
PL'S ERIC RIVER'S DESIGNATION OF EXPERT WITNESSES

10/17/2016          NOTICE
NOTICE OF INTENTION TO TAKE DEPO BY WRITTEN QUESTIONS PERTAINING TO M BACA

10/28/2016          NOTICE
NOTICE OF INTENTION TO TAKE DEPO BY WRITTEN QUESTIONS PERTAINING TO ERIC RIVERA

10/28/2016
JACKET 3

11/16/2016          NOTICE
NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS PERTAINING TO ERIC RIVERA

11/16/2016          NOTICE
NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS PERTAINING TO MATTHEW S
BACA

12/09/2016          NOTICE
                    WARD COUNTY CIVIL DOCKET
                    CAUSE # 15-09-23690-CVW

EXHIBIT 2

====================================================================

CAUSE OF ACTION: INJURY OR DAMAGE INVOLVING A MOTOR VEHICLE
FILE DATE: 09/22/2015

====================================================================

DATE                          NATURE OF PROCEEDINGS
====================================================================

CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; 5-4-16; $1022.41 PD BY ATTY (R.
 GIBSON)
12/09/2016              NOTICE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; 10-6-16; $473.61 PAID BY ATTY
 R.GIBSON
12/09/2016              NOTICE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; 10-6-16; $120.45 PAID BY ATTY R.
 GIBSON
12/09/2016              NOTICE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; 8-23-16; $164.45 PAID BY ATTY R.
 GIBSON
12/09/2016              NOTICE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; 6-17-16; $211.20 PAID BY ATTY R.
 GIBSON
12/09/2016              NOTICE
CERTIFICATION BY OFFICER AND NOTICE OF DELIVERY; 5-18-16; $163.60 PAID BY ATTY. R.
 GIBSON
01/05/2017              ISSUE CITATION - CERTIFIED MAIL
CIT ISD BY CERT. MAIL (TRAVELERS PROPERTY ); DELIV 1-13-17; SIGNED CHRIS S; NOTIFIED
 2-7-17
01/05/2017              SERVICE - CERTIFIED MAIL
01/05/2017              AMENDED FILING
PLAINTIFFS' SECOND AMENDED PETITION
01/05/2017              RECEIPT ISSUED
 212541
01/17/2017              MOTION
MT TO DISMISS WITH PREJUDICE
01/18/2017              ORDER
ORDER TO MT TO DISMISS WITH PREJUDICE C/ATTY'S
02/06/2017              ANSWER
DF TRAVELERS PROP CASUALTY CO OF AMERICA'S ORIG ANSWER SPECIAL EXCEPTIONS &
AFFIRMATIVE DEFENSES - ATTY HARMON
02/10/2017              MOTION
PL'S SPECIAL EXCEPTION TO DF TRAVELERS ORIG ANSWER, SPECIAL EXCEPTIONS & AFFIRMATIVE
DEFENSES
02/15/2017              CRT LTR SETTING
DEF SPECIAL EXCEPTIONS & PLT'S SPECIAL EXCEPTIONS TO DEF TRAVELER'S ORIGINAL ANSWER
 2-28-17 @ 10:00 AM
02/27/2017              AMENDED ANSWER
DF TRAVELERS PROP CASUALTY CO OF AMERICA'S FIRST AMENDED ANSWER, SPECIAL EXCEPTIONS
VERIFIED DENIAL & AFFIRMATIVE DEFENSES
02/28/2017              CORRESPONDENCE
DF'S SPECIAL EXCEPTIONS & PL'S SPECIAL EXCEPTIONS TO DF ORIG ANSWER SET FOR 2-28-17
IS CANCELED
03/14/2017              CRT LTR SETTING
JOINT STATUS DUE 7-12-17 @ 5:00PM; JT SET 11-13-17 @ 9:00AM
03/14/2017              ORDER FOR JOINT STATUS REPORT
ORDER FOR JOINT STATUS REPORT DUE BY 7-12-17
04/17/2017              CORRESPONDENCE
VACATION LETTER FROM ATTY J. RICHARD HARMON
05/02/2017              OTHER
DESIGNATION OF LEAD COUNSEL - ATTY JON HANNA
07/13/2017              JOINT/STATUS
                    WARD COUNTY CIVIL DOCKET
                    CAUSE # 15-09-23690-CVW

EXHIBIT 2

CAUSE OF ACTION: INJURY OR DAMAGE INVOLVING A MOTOR VEHICLE
FILE DATE: 09/22/2015

| DATE | NATURE OF PROCEEDINGS |
|------|----------------------|
| | JOINT STATUS REPORT |
| 07/31/2017 | MOTION |
| | AGREED MOTION TO SUBSTITUTE COUNSEL |
| 08/03/2017 | ORDER |
| | ORDER ON AGREED MT TO SUB COUNSEL GRANTED WITHDRAWING R.MALHOLTRA AND SUB WITH JON HANNA |
| 08/24/2017 | LETTER BRIEF |
| | LETTER FROM ATTY JON HANNA REGARDING RAHUL MALHOTRA |
| 09/27/2017 | MOTION |
| | AGREED MOT FOR CONTINUANCE |
| 09/27/2017 | MOTION |
| | PLAINTIFFS' THIRD AMENDED PETITION |
| 10/10/2017 | ORDER |
| | ORDER ON AGREED MT FOR CONT. C/ATTY'S |
| 10/10/2017 | CRT LTR SETTING |
| | JT CONT 3-5-18 @9:00AM |

EXHIBIT 2

Ward County - District Clerk

Filed: 9/22/2015 4:09:19 PM
Patricia Oyerbides
District Clerk
Ward County, Texas
Elizabeth Morales

CAUSE NO. _15-09-23690-CVW_____

| | | |
|---|---|---|
| MATTHEW S. BACA | § | IN THE DISTRICT COURT |
| AND | § | |
| ERIC RIVERA | § | |
| PLAINTIFFS | § | |
| | § | |
| VS | § | 143ᴿᴰ JUDICIAL DISTRICT |
| | § | |
| THOMAS W. EDWARDS | § | |
| AND | § | |
| ROYALTY WELL SERVICES, INC. | § | |
| DEFENDANTS | § | WARD COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW **MATTHEW S. BACA AND ERIC RIVERA**, hereinafter referred to as "Plaintiffs," complaining of **THOMAS W. EDWARDS**, hereinafter referred to as **"EDWARDS,"** and **ROYALTY WELL SERVICES, INC.**, hereinafter referred to as **"ROYALTY,"** Defendants, and for cause of action would respectfully show unto the Court the following:

**I.**
### RULE 190.3 DISCOVERY STATEMENT

Pursuant to TEX. R. CIV. PRO. 190.4, Plaintiffs hereby give notice that discovery is intended to be conducted under Level 3.

**II.**
### PARTIES

The Plaintiffs are residents of Odessa, Ector County, Texas.

The Defendant, **THOMAS W. EDWARDS** is an individual and may be served with process at his last known address, by private process: **800 Twin Hill Dr., Lake Bridgeport, Texas 76426 or wherever he may be found.**

EXHIBIT 2

The Defendant, **ROYALTY WELL SERVICES INC.** is a domestic corporation and may be served with process by the clerk of the court by certified mail return receipt requested by serving its registered agent: **Jeff Kester, P.O. Box 394, Grandfalls, Texas 79742.**

### III.
### MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiffs' contentions that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, the Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### IV.
### VENUE

Venue of this lawsuit is proper in Ward County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 (a)(1), in that all or a substantial part of the events giving rise to this cause of action occurred in Ward County, Texas.

### V.
### FACTS

On or about January 20, 2014, Plaintiffs were traveling eastbound on FM2355, Pyote, Ward County, Texas. At or about the same time, **EDWARDS** was traveling northbound on SP-247, an intersecting road when; suddenly, recklessly and without warning, **EDWARDS** drove off the roadway to the left into and through a vacant lot and struck the Plaintiffs' vehicle. As a result, the Plaintiffs suffered injuries and damages, more specifically described herein.

At all times relevant hereto, **EDWARDS** was operating his vehicle under the influence of alcohol and was intoxicated. Further, **EDWARDS** was in the course and scope of his employment with **ROYALTY** and furthering the business affairs of the same.

EXHIBIT 2

## VI.
## NEGLIGENCE- THOMAS W. EDWARDS

On the occasion in question, EDWARDS operated his vehicle in a negligent manner because he violated the duties which he owed the Plaintiffs to exercise ordinary care in the operation of said motor vehicle in at least the following particulars:

1. In failing to timely and properly apply his brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

2. In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

3. Imperiling other persons by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

4. In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of Tex. Trans-Code § 545.401 (Vernon's 1997), which constitutes negligence per se;

5. In failing to control his speed as necessary to bring his vehicle to a stop;

6. In failing to pay attention when operating his motor vehicle;

7. In failing to turn his vehicle in another direction to avoid an impending collision, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

8. In failing to keep his vehicle under proper control, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances; and

9. In operating a motor vehicle under the influence of an intoxicating substance, in violation of Texas Penal Code, §49.04, which constitutes negligence per se.

Each and all of the above and foregoing act, both of commission and omission, singularly or in combination with others, constitute negligence, which proximately caused the collision made the

EXHIBIT 2

basis of this suit and the injuries and damages suffered by the Plaintiffs herein.

## VII.
## RESPONDEAT SUPERIOR – ROYALTY WELL SERVICES INC.

EDWARDS was an employee, agent and/or servant of ROYALTY and was acting within the scope of his employment, service and/or agency therewith at the time of the incident in question. Plaintiffs plead that ROYALTY permitted EDWARDS to carry out ROYALTY'S business affairs and that EDWARDS was so carrying out these business affairs at the time of the incident in question and thus, ROYALTY is vicariously liable for the negligent acts and/or omissions of EDWARDS based upon the doctrine of respondeat superior. Pleading further, ROYALTY had an affirmative duty to supervise and control EDWARDS while he was acting within the course and scope of his employment, service and/or agency and ROYALTY breached said duty, which was also a proximate cause of the incident made the basis of this suit and of the injuries and damages plead herein.

## VIII.
## A.
## NEGLIGENT ENTRUSTMENT– ROYALTY WELL SERVICES INC.

Plaintiffs would further show that ROYALTY negligently entrusted its vehicle to EDWARDS. At the time the vehicle in question was entrusted to EDWARDS, ROYALTY knew or should have known that EDWARDS was an incompetent and/or reckless driver and was not competent to operate said vehicle in a safe and prudent manner and therefore, said negligence was also the proximate cause of the incident in question and the injuries and damages to the Plaintiffs as set forth herein.

## B.
## NEGLIGENT HIRING AND RETENTION– ROYALTY WELL SERVICES INC.

ROYALTY had the duty to hire and retain competent employees; ROYALTY breached that duty; and ROYALTY'S breach of that duty proximately caused the damages sustained by Plaintiffs.

EXHIBIT 2

**ROYALTY** hired an incompetent or unfit employee, **EDWARDS**, whom it knew or, by the exercise of reasonable care, should have known was incompetent or unfit, thereby creating an unreasonable risk of harm to others. Further, after a reasonable employer would have determined that **EDWARDS** was a dangerous and unfit driver, **ROYALTY** retained **EDWARDS** and continued to provide him with a motor vehicle. The negligent retention of **EDWARDS** by **ROYALTY,** was a proximate cause of the injuries to Plaintiffs.

## VIV.
## GROSS NEGLIGENCE

Furthermore, Plaintiffs assert that the acts and/or omissions of the Defendants as alleged herein, constitute gross negligence. The Defendants had actual awareness of the risk involved in their conduct but nevertheless preceded in conscious indifference to the rights, safety and welfare of others.

## X.
## ACTUAL DAMAGES – MATTHEW S. BACA

Plaintiff would show that as a proximate cause of the acts and/or omissions committed by the Defendants, Plaintiff is entitled to recover at least the following legal damages:

1.   Medical, hospital and pharmaceutical expenses in the past;

2.   Medical, hospital and pharmaceutical expenses, which in all reasonable probability will be incurred in the future;

3.   Physical pain and suffering in the past;

4.   Physical pain and suffering, which in all reasonable probability will be suffered in the future;

5.   Mental anguish suffered in the past;

6.   Mental anguish, which in all reasonable probability will be suffered in the future;

EXHIBIT 2

7.  Physical impairment in the past;

8.  Physical impairment, which in all reasonable probability will be suffered in the future;

9.  Disfigurement suffered in the past;

10. Disfigurement, which in all reasonable probability will be suffered in the future;

11. Loss of earning capacity sustained in the past; and

12. Loss of earning capacity, which in reasonable probability the Plaintiff will sustain in the future.

Based on the above-enumerated damages, Plaintiff pleads for actual damages in an amount the jury deems reasonable under the circumstances, which exceed the minimum jurisdictional limits of the court.

## XI.
## ACTUAL DAMAGES – ERIC RIVERA

Plaintiff would show that as a proximate cause of the acts and/or omissions committed by the Defendants, Plaintiff is entitled to recover at least the following legal damages:

1.  Medical, hospital and pharmaceutical expenses in the past;

2.  Medical, hospital and pharmaceutical expenses, which in all reasonable probability will be incurred in the future;

3.  Physical pain and suffering in the past;

4.  Physical pain and suffering, which in all reasonable probability will be suffered in the future;

5.  Mental anguish suffered in the past;

6.  Mental anguish, which in all reasonable probability will be suffered in the future;

7.  Physical impairment in the past;

EXHIBIT 2

8.   Physical impairment, which in all reasonable probability will be suffered in the future.

9.   Disfigurement suffered in the past;

10.  Disfigurement, which in all reasonable probability will be suffered in the future;

11.  Loss of earning capacity sustained in the past; and

12.  Loss of earning capacity, which in reasonable probability the Plaintiff will sustain in the future.

Based on the above-enumerated damages, Plaintiff pleads for actual damages in an amount the jury deems reasonable under the circumstances, which exceed the minimum jurisdictional limits of the court.

## XII.
## EXEMPLARY DAMAGES

Furthermore, Plaintiffs assert that the acts and/or omissions of Defendants as set forth herein, constitute gross negligence. The Defendants had actual awareness of the risk involved in their conduct but nevertheless preceded in conscious indifference to the rights, safety and welfare of others. Therefore, Plaintiffs sue for exemplary damages in an amount the jury deems reasonable under the circumstances, which exceed the minimum jurisdictional limits of the Court.

## XIII.
## PRE-EXISTING INJURY

In the alternative, if it be shown that the Plaintiffs suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence/gross negligence of the Defendants.

EXHIBIT 2

## XIV.
## SUBSEQUENT INJURY

In the alternative, if it be shown that the Plaintiffs suffered from any subsequent injury, disease and/or condition, then such injury, disease and/or condition, aggravated and/or exacerbated the injuries, diseases and/or conditions proximately caused by the negligence/gross negligence of the Defendants.

## XV.
## JURY DEMAND

Plaintiffs hereby demands a trial by jury.

## XVI.
## U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiffs intend to use the U.S. Life Tables as published by the Department of Health and Human Services in the trial of this matter.

## XVII.
## REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiffs requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XVIII.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein and that upon a final hearing hereof, a Judgment be rendered for Plaintiffs against Defendants, jointly and severally for actual damages and against each Defendant for exemplary damages, all in an amount that exceeds **$100,000.00** but of course defers to an amount the jury deems reasonable under the circumstances; along with costs of court, pre-judgment interest, post-judgment interest and such other and further relief to which Plaintiffs may be justly entitled.

EXHIBIT 2

Respectfully submitted,

THE MALHOTRA LAW FIRM
319 N. Grant Avenue
Odessa, Texas  79761
P: 432.580.4878 | F: 432.337.7383

By:_____
Rahul Malhotra
State Bar No. 00797781
*Rahul@TheMalhotraLawFirm.com*
Rachel Ambler
State Bar No. 24081954
*Rachel@TheMalhotraLawFirm.com*

**ATTORNEY FOR PLAINTIFFS**

EXHIBIT 2



THE
MALHOTRA
LAW FIRM

Reply To: 319 N. Grant Street
Odessa, TX 79761
(432) 580-4878
Fax (432) 337-7383

117 E. Wall
Midland, TX 79701
(432) 683-4878

September 22, 2015

Ms. Patricia Oyerbides
Ward County District Clerk's Office
P.O. Box 440
Monahans, Texas 79756

Re:     Cause No. _____; **Matthew S. Baca and Eric Rivera vs. Thomas W. Edwards and Royalty Well Services, Inc.**

Dear Ms. Oyerbides:

Enclosed you will find "Plaintiffs' Original Petition" for your office to file in a District Court. Further, enclosed is our firm's payment in the amount of $377.61 for filing fees, copy fees, jury fee and two citations.

**Process of Service:**

1.  Defendant, Thomas W. Edwards is to be served by **private process, please return the citation to our office.** We will forward it to a process server.

2.  Defendant, Royalty Well Services Inc. is to be served by the **clerk of the court by certified mail and return receipt.** Please serve.

Should you have any questions, please do not hesitate to contact me. Thank you for your cooperation and assistance in this regard.

Sincerely,

THE MALHOTRA FIRM

*Arlette Ornelas,*

Arlette Ornelas
Legal Assistant to Rahul Malhotra

Σ     Board Certified- Personal Injury Trial Law
Φ     Of Counsel

EXHIBIT 2

Filed: 1/5/2017 4:09:34 PM
Patricia Oyerbides
District Clerk
Ward County, Texas

Tommie Lujan

CAUSE NO. 15-09-23690-CVW

| | | |
|---|---|---|
| MATTHEW S. BACA and<br>ERIC RIVERA<br>      *Plaintiffs,*<br>V.<br>THOMAS W. EDWARDS and ROYALTY WELL<br>SERVICES, INC.<br>      *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>143RD JUDICIAL DISTRICT<br><br>WARD COUNTY, TEXAS |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **MATTHEW S. BACA** and **ERIC RIVERA,** hereinafter referred to as "Plaintiffs," complaining of TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, hereinafter referred to as "TRAVELERS," Defendant, and for cause of action would respectfully show unto the Court the following:

### I.   RULE 190.4 DISCOVERY STATEMENT

Pursuant to TEX. R. CIV. PRO. 190.4, Plaintiffs hereby give notice that discovery is intended to be conducted under Level 3.

### II.   PARTIES

The Plaintiffs are residents of Odessa, Ector County, Texas.

The Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, is a foreign insurance company organized under the Laws of the State of Connecticut, and engaging in the business of insurance in the State of Texas under Texas Department of Insurance license number 83820. It may be served with process by the clerk of the court by certified mail return receipt requested by serving its registered agent: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.**

### III. MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiffs' contentions that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties

---

EXHIBIT 2

named herein. Alternatively, the Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV. VENUE

Venue of this lawsuit is proper in Ward County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 (a)(1), in that all or a substantial part of the events giving rise to the underlying motor vehicle collision, occurred in Ward County, Texas.

## V. FACTS

On or about January 20, 2014, Plaintiffs were traveling eastbound on FM2355, Pyote, Ward County, Texas. At or about the same time, THOMAS W. EDWARDS was traveling northbound on SP-247, an intersecting road when; suddenly, recklessly and without warning, EDWARDS drove off the roadway, into and through a vacant lot, and struck the Plaintiffs' vehicle. As a result, the Plaintiffs suffered injuries and damages, more specifically described herein.

At all times relevant hereto, EDWARDS was operating his vehicle under the influence of alcohol and was intoxicated. Further, EDWARDS was in the course and scope of his employment with ROYALTY WELL SERVICES, INC., and furthering the business affairs of the same.

Finally, at the time of the incident made the basis of this lawsuit, Plaintiffs were occupying a vehicle owned by their employer Pyramid Instrumentation & Electric Corp., which was insured under a policy of insurance with Travelers. The policy contained provisions to provide for damages caused by an underinsured motorist ("UM"). Plaintiffs are therefore entitled to the benefits and coverage of that UM policy. Despite Plaintiff's compliance with the terms and provisions of the policy and the law, Defendant has failed its contractual obligations, acted in bad faith, and refused to provide coverage under the UM policy provisions in question.

## VI. DECLARATORY JUDGMENT

All parties herein are interested under written contracts as described by Texas Civil Practice and Remedies Code §37.04 and Plaintiffs seeks a declaration by the Court of their rights and obligations arising pursuant to said contracts. Specifically:

    (a)    Underinsured Motorist benefits exist for the injuries and damages sustained by the Plaintiffs as a result of the underlying motor vehicle collision of January 20, 2014; and;

---

EXHIBIT 2

(b)   that Plaintiffs recover their attorney's fees as a result of having to file and prosecute this action.

## VII. ATTORNEY FEES

Pursuant to Texas Civil Practices and Remedies Code § 37.009, Plaintiffs request recovery of all costs expended in the prosecution of this action as well as reasonable and necessary attorney's fees as are equitable and just and incurred in connection herewith.

## VIII. JURY DEMAND

Plaintiffs hereby demands a trial by jury.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear, and after hearing, Plaintiffs have judgment against Defendant as stated above, for costs of court, attorney's fees, and for such other and further relief to which the Plaintiffs may be justly entitled either at law or equity.

Respectfully submitted,

THE MALHOTRA LAW FIRM
319 N. Grant Avenue
Odessa, Texas 79761
P: 432.580.4878 | F: 432.337.7383

By:_____
Rahul Malhotra
State Bar No. 00797781
*Rahul@TheMalhotraLawFirm.com*
Rachel Ambler
State Bar No. 24081954
*Rachel@TheMalhotraLawFirm.com*
ATTORNEY FOR PLAINTIFF

EXHIBIT 2

Filed: 1/17/2017 1:01:43 PM
Patricia Oyerbides
District Clerk
Ward County, Texas
Elizabeth Morales

CAUSE NO. 15-09-23690-CVW

| | | |
|---|---|---|
| MATTHEW S. BACA | § | IN THE DISTRICT COURT |
| AND | § | |
| ERIC RIVERA | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | 143RD JUDICIAL DISTRICT |
| | § | |
| THOMAS W. EDWARDS | § | |
| AND | § | |
| ROYALTY WELL SERVICES, INC. | § | |
| DEFENDANTS | § | WARD COUNTY, TEXAS |

### MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **MATTHEW S. BACA** and **ERIC RIVERA**, Plaintiffs, in the above-styled and numbered cause, and move the Court to dismiss this cause for the reason that Plaintiff chooses not to pursue these claims further against Defendants, **THOMAS W. EDWARDS** and **ROYALTY WELL SERVICE, INC. (named by Plaintiffs as Royalty Well Services, Inc.)**

WHEREFORE, Plaintiffs, **MATTHEW S. BACA** and **ERIC RIVERA**, requests the Court enter an Order dismissing this cause against Defendants, **THOMAS W. EDWARDS** and **ROYALTY WELL SERVICE, INC. (named by Plaintiffs as Royalty Well Service, Inc.)** with prejudice to the rights of Plaintiff to re-file the same or any part thereof, with each party to bear their own costs.

EXHIBIT 2

Respectfully Submitted,

THE MALHOTRA LAW FIRM

Rahul Malhotra    *Digitally signed by Rahul Malhotra DN: cn=Rahul Malhotra, o=The Malhotra Law Firm, ou, email=rahul@themalhotralawfirm.com, c=US Date: 2016.12.29 12:08:19 -06'00'*

By:

Rahul Mulhotra
Rahul@TheMalhotraLawFirm.com
State Bar No. 00797781
Rachel Ambler
Rachel@TheMalhotraLawFirm.com
State Bar No. 24081954
319 N. Grant Avenue.
Odessa, Texas 79761
Telephone:  432-580-4878
Facsimile:  432-337-7383

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record by e-file, e-mail, telecopier, regular mail, certified mail, return receipt requested, and/or by messenger, on this ___ day of _____, 2016.

Mr. Tory F. Taylor
taylor@litchfieldcavo.com
Mr. Rick Gibson
gibsonr@litchfieldcavo.com
LITCHFIELD CAVO LLP
One Riverway, Suite 1000
Houston, Texas 77056
Telephone: (713) 418-2000
Facsimile: (713) 418-2001

Zachary Mayer
zmayer@krcl.com
William R. Jones
wjones@krcl.com
1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Telephone:  214-777-4214
Facsimile:  214-777-4299

Rahul
Malhotra    *Digitally signed by Rahul Malhotra DN: cn=Rahul Malhotra, o=The Malhotra Law Firm, ou, email=rahul@themalhotralawfirm.com, c=US Date: 2016.12.29 12:08:53 -06'00'*

Rahul Mulhotra

2

EXHIBIT 2

FILED 1/18/17 3:34 P.M.
PATRICIA OVERBIDES
DISTRICT CLERK, WARD CO., TX
_____ DEPUTY

CAUSE NO. 15-09-23690-CVW

| | | |
|---|---|---|
| MATTHEW S. BACA | § | IN THE DISTRICT COURT |
| AND | § | |
| ERIC RIVERA | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | 143RD JUDICIAL DISTRICT |
| | § | |
| THOMAS W. EDWARDS | § | |
| AND | § | |
| ROYALTY WELL SERVICES, INC. | § | |
| DEFENDANTS | § | WARD COUNTY, TEXAS |

## ORDER ON MOTION TO DISMISS WITH PREJUDICE

ON THIS DAY, Plaintiffs' Motion to Dismiss with Prejudice was considered by the Court. The Court is of the opinion that the Motion to Dismiss with Prejudice should be **GRANTED**. It is, therefore,

ORDERED, ADJUDGED and DECREED that the lawsuit of Plaintiff **MATTHEW S. BACA** and **ERIC RIVERA** against Defendants, **THOMAS W. EDWARDS** and **ROYALTY WELL SERVICE, INC. (named by Plaintiffs as Royalty Well Services, Inc.)**, is dismissed with prejudice to refiling. It is further,

ORDERED, ADJUDGED and DECREED that Plaintiffs take nothing against Defendants. It is further,

ORDERED, ADJUDGED and DECREED that each party will bear his/its own costs of Court.

All relief not expressly granted is denied.

SIGNED this 18th day of January, 2016.

_____
HONORABLE JUDGE PRESIDING

BOOK 256 PAGE 355

3

EXHIBIT 2

APPROVED AND ENTRY REQUESTED:

THE MALHOTRA LAW FIRM

By:      Rahul
         Malhotra         Digitally signed by Rahul Malhotra
                          DN: cn=Rahul Malhotra, o=The Malhotra
                          Law Firm, ou,
                          email=rahul@themalhotralawfirm.com,
                          c=US
                          Date: 2016.12.29 12:09:29 -06:00'

Rahul Mulhotra
Rahul@TheMalhotraLawFirm.com
State Bar No. 00797781
Rachel Ambler
Rachel@TheMalhotraLawFirm.com
State Bar No. 24081954
319 N. Grant Avenue.
Odessa, Texas 79761
Telephone: 432-580-4878
Facsimile: 432-337-7383

ATTORNEYS FOR PLAINTIFFS
MATTHEW S. BACA AND ERIC RIVERA


KANE RUSSELL COLEMAN & LOGAN PC

By:      William R Jones

Zachary Mayer
zmayer@krcl.com
State Bar No. 24013118
William R. Jones
wjones@krcl.com
State Bar No. 24036861
1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Telephone: 214-777-4214
Facsimile: 214-777-4299

ATTORNEYS FOR DEFENDANT
THOMAS W. EDWARDS

EXHIBIT 2

LITCHFIELD CAVO LLP

By: _____

Tory F. Taylor
ftaylor@litchfieldcavo.com
State Bar No. 24008131
Rick Gibson
gibsonr@litchfieldcavo.com
State Bar No. 07873300
One Riverway, Suite 1000
Houston, Texas 77056
Telephone: (713) 418-2000
Facsimile: (713) 418-2001

**ATTORNEYS FOR DEFENDANT
ROYALTY WELL SERVICE INC.**
(named by Plaintiff as Royalty Well Services, Inc.)

BOOK 2 5 6   PAGE 3 5 7

5

EXHIBIT 2

BROADCAST REPORT

```
TIME   : 01/18/2017 16:01
NAME   :
FAX    : 4329433810
TEL    :
SER.# : BROG3V453280
```

| PAGE(S) | 03 |
|---------|-----|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|------|------|-------------|----------|---------|--------|---------|
| 01/18 | 15:53 | 12147774299 | 53 | 03 | OK | ECM |
| 01/18 | 15:54 | 17134182001 | 23 | 03 | OK | ECM |
| 01/18 | 16:00 | 3377383 | 44 | 03 | OK | |

```
BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE
PC  : PC-FAX
```

EXHIBIT 2

Filed: 2/6/2017 8:03:04 AM
Patricia Oyerbides
District Clerk
Ward County, Texas
Elizabeth Morales

CAUSE NO. 15-09-23690-CVW

| | | |
|---|---|---|
| MATTHEW S. BACA and<br>ERIC RIVERA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| THOMAS W. EDWARDS and ROYALTY | § | 143rd JUDICIAL DISTRICT |
| WELL SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | WARD COUNTY, TEXAS |

### DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Travelers Property Casualty Company of America ("Defendant" or "Travelers") and files this its Original Answer to Plaintiffs' Second Amended Petition, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

1.1    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiffs' Second Amended Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### SPECIAL EXCEPTIONS

**A.    Plaintiffs Have Not Complied With Pleading Requirements**

2.1    Defendant specifically excepts to Plaintiff's Second Amended Petition in that Plaintiffs fail to state the damages sought in accordance with Texas law. *See* TEX. R. CIV. P. 47(c).

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES – Page 1**
2646615v1
11026.012

EXHIBIT 2

Plaintiffs have not pled entitlement to damages above or below the required amounts pursuant to Texas 47(c). *Id.* Defendant, therefore, respectfully requests that Plaintiffs be required to replead and correct this deficiency within their Second Amended Original Petition if they can, and if they cannot, that the pleading be stricken and dismissed, in whole or in part.

### B.      Plaintiffs' Declaratory Judgment Claim is Improper

2.2      The Uniform Declaratory Judgments Act ("UDJA") pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code is not a proper cause of action for recovery of uninsured/underinsured motorist benefits. The Texas Supreme Court has specifically outlined the proper method for establishing the conditions precedent for recovery of uninsured/underinsured motorist benefits and it does not include declaratory relief. *See Brainard.* 216 S.W.3d 809, 818 (Tex. 2006); *Henson* v. *Southern Farm Bureau Cas. Ins. Co.,* 17 S. W.3d 652, 653-54 (Tex. 2000). Accordingly, Defendant requests that Plaintiffs also be required to replead and correct this deficiency within their Second Amended Original Petition if they can, and if they cannot, that the pleading be stricken and dismissed, in whole or in part.

2.3      Additionally, the Uniform Declaratory Judgment Act is not a proper basis for recovery of attorney's fees in this case. The UDJA does not allow Plaintiffs to recover attorney's fees where they are not otherwise entitled to such recovery. A declaratory relief plea may not be coupled to a damage action simply to recover attorney's fees. *MBM Fin. Corp.* v. *Woodlands Operating Co., L.P.,* 292 S.W.3d 660, 669-670 (Tex. 2009); *Hartford Cas. Ins. Co.* v. *Budget Rent-A Car Sys., Inc.,* 796 S.W.2d 763, 772 (Tex. App.- Dallas 1990, writ denied). For this additional reason, Defendant requests that Plaintiffs be required to replead and correct this deficiency within their Second Amended Original Petition if they can, and if they cannot, that the pleading be stricken and dismissed, in whole or in part.

EXHIBIT 2

## III.
### SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

3.1    Defendant would show by way of affirmative defense that there are contractual provisions with which the Plaintiff has failed to comply.  Specifically, Plaintiffs have failed to establish that there are damages to which Plaintiffs are legally entitled to recover from the owners or operators of an uninsured and/or underinsured motor vehicle, as required by under the Travelers' policy.  Until such time, Defendant is under no duty to pay benefits to the Plaintiffs.  *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006); *Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652 (Tex. 2000).

3.2    By way of affirmative defense, Defendant alleges that Plaintiffs' alleged damages, if any, do not exceed the available liability insurance and as such, Defendant is entitled to an offset for all available liability insurance.  Additionally, Defendant alleges that it is entitled to an offset for all amounts paid or payable to Plaintiffs under any workers compensation policy.

3.3    Defendant affirmatively pleads that the damages or liabilities complained of by Plaintiffs herein were caused, in whole or in part, by Plaintiff or a third-party.

3.4    Defendant affirmatively pleads that any injuries, damages or liabilities complained of by Plaintiffs herein are the result, in whole or in part, of pre-existing conditions, injuries, diseases, and disabilities or of subsequent conditions, injuries, diseases, or disabilities of Plaintiffs, or complications of such injuries, diseases, disabilities, and conditions, and are not the result of any act or omission on the part of Defendant.

3.5    Defendant affirmatively pleads that in the unlikely event that it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts actually paid or incurred by or on behalf of Plaintiffs as set forth in Chapter 41.0105 of the Texas Civil Practice and Remedies Code.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES – Page 3
2646615v1
11026.012

EXHIBIT 2

3.6    Defendant specifically denies that all conditions precedent to recovery under the policy made the basis of this suit have been fully and completely satisfied.  In particular, Defendant denies that Plaintiff has established legal entitlement to recover from the allegedly uninsured/underinsured motorist.  *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006).

3.7    Defendant affirmatively pleads that Plaintiffs are not entitled to attorney's fees pursuant to the UDJA /Texas Civil Practice & Remedies Code § 37.001, et seq.  The subject matter of Plaintiffs' claim against Defendant, to establish the condition precedent to recover of uninsured/underinsured motorist benefits, is not the proper subject matter for declaratory relief under Section 37.004.    The uninsured/underinsured motorist benefits provision is a unique provision which requires that the insured establish what he is legally entitled to recover from the alleged uninsured/underinsured motorist by obtaining a judgment or by reaching an agreement with the insurer regarding liability and damages.  *Brainard* 216 S.W.3d 809 at 817.  However, there is no question regarding the construction or validity of the policy.  According, the Declaratory Judgment statute is inapplicable to Plaintiffs' claim against Defendant and does not create a basis for them to recover attorneys' fees.

## IV.
### DEMAND FOR JURY TRIAL

4.1    Defendant herein makes its demand for a jury trial in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, Plaintiffs recover nothing from this Defendant, but Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES – Page 4**
2646615v1
11026.012

EXHIBIT 2

Respectfully submitted,

/s/ J. Richard Harmon
J. Richard Harmon
State Bar No. 09020700
rharmon@thompsoncoe.com

Jacquelyn Chandler
State Bar No. 24001866
jchandler@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile:  (214) 871-8209

**ATTORNEYS FOR DEFENDANT
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I certify that on February 3, 2017, the foregoing document was served on all counsel of record via electronic service and/or facsimile and/or first class mail.

Mr. Raul Malhotra
The Malhotra Law Firm
319 North Grant Avenue
Odessa, TX 79761

/s/Jacquelyn Chandler
Jacquelyn Chandler

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ORIGINAL ANSWER,
SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES – Page 5
2646615v1
11026.012

EXHIBIT 2

Filed: 2/10/2017 4:24:49 PM
Patricia Oyerbides
District Clerk
Ward County, Texas
Elizabeth Morales

CAUSE NO. 15-09-23690-CVW

| | | |
|---|---|---|
| MATTHEW S. BACA and | § | |
| ERIC RIVERA | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | 143RD JUDICIAL DISTRICT |
| THOMAS W. EDWARDS and ROYALTY WELL | § | |
| SERVICES, INC. | § | WARD COUNTY, TEXAS |
| *Defendants.* | § | |

**PLAINTIFFS' SPECIAL EXCEPTION TO DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MATTHEW S. BACA and ERIC RIVERA, Plaintiffs in the above entitled and numbered cause, and specially excepts to *Defendant Travelers Property Casualty Company of America's Original Answer, Special Exceptions and Affirmative Defenses* for cause of action would respectfully show the Honorable Court as follows:

**I.**

Plaintiffs object and specially excepts to *Defendant Travelers Property Casualty Company of America's Original Answer, Special Exceptions and Affirmative Defenses*, paragraph III., 3.3, filed on or about February 3, 2017, in that such pleadings is merely a general pleading. Said pleading states the following:

> Defendant affirmatively pleads that the damages or liabilities complained of by Plaintiffs herein were caused, in whole or in part, by Plaintiff or third-party.

This pleading is vague and ambiguous and fails to apprise the Plaintiffs of their conduct and that of a third party, that caused the damages or liabilities complained of by Plaintiffs, as well as the identity of such third party. The Court should strike this pleading and order the Defendants to amend such pleading to be more specific.

**EXHIBIT 2**

## II.   PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs prays their special exceptions be sustained and Defendant be ordered to cure the defect of their pleading as herein stated within seven (7) days of the Court's Order; or the Defendant's pleading be stricken.  Plaintiffs further pray for such other and further relief to which they may show themselves justly entitled, either at law or in equity.

Respectfully submitted,

THE MALHOTRA LAW FIRM
319 N. Grant Avenue
Odessa, Texas  79761
P: 432.580.4878 | F: 432.337.7383

By: _____
Rahul Malhotra
State Bar No. 00797781
*Rahul@TheMalhotraLawFirm.com*
Rachel Ambler
State Bar No. 24081954
*Rachel@TheMalhotraLawFirm.com*
**Attorneys for Plaintiff**

EXHIBIT 2

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the *Texas Rules of Civil Procedure* on the 10th day of February, 2017.

**With courtesy copies via email:**
*JChandler@Thompsoncoe.com*
Jacquelyn Chandler
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
T: 214.871.8200 | F: 214.871.8209
   ***Attorney for Defendant Travelers***

RAHUL MALHOTRA
**ATTORNEYS FOR PLAINTIFF**

EXHIBIT 2

Filed: 2/27/2017 4:58:13 PM
Patricia Oyerbides
District Clerk
Ward County, Texas
Elizabeth Morales

## CAUSE NO. 15-09-23690-CVW

| | | |
|---|---|---|
| MATTHEW S. BACA and ERIC RIVERA, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| V. | § § | |
| THOMAS W. EDWARDS and ROYALTY WELL SERVICES, INC., | § § § | 143rd JUDICIAL DISTRICT |
| Defendants. | § § § § | WARD COUNTY, TEXAS |

**DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S
FIRST AMENDED ANSWER, SPECIAL EXCEPTIONS,
<u>VERIFIED DENIAL AND AFFIRMATIVE DEFENSES</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Travelers Property Casualty Company of America ("Defendant" or "Travelers") and files this its First Amended Answer to Plaintiffs' Second Amended Petition, and would respectfully show the Court the following:

### I.
### <u>ORIGINAL ANSWER</u>

1.1     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations contained within Plaintiffs' Second Amended Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

EXHIBIT 2

## II.
### SPECIAL EXCEPTIONS

**A.     Plaintiffs Have Not Complied With Pleading Requirements**

2.1     Defendant specifically excepts to Plaintiffs' Second Amended Petition in that Plaintiffs fail to state the damages sought in accordance with Texas law. *See* TEX. R. CIV. P. 47(c). Plaintiffs have not pled entitlement to damages above or below the required amounts pursuant to Texas 47(c). *Id.* Defendant, therefore, respectfully requests that Plaintiffs be required to replead and correct this deficiency within their Second Amended Original Petition if they can, and if they cannot, that the pleading be stricken and dismissed, in whole or in part.

**B.     Plaintiffs' Declaratory Judgment Claim is Improper**

2.2     The Uniform Declaratory Judgments Act ("UDJA") pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code is not a proper cause of action for recovery of uninsured/underinsured motorist benefits. The Texas Supreme Court has specifically outlined the proper method for establishing the conditions precedent for recovery of uninsured/underinsured motorist benefits and it does not include declaratory relief. *See Brainard,* 216 S.W.3d 809, 818 (Tex. 2006); *Henson v. Southern Farm Bureau Cas. Ins. Co.,* 17 S. W.3d 652, 653-54 (Tex. 2000). Accordingly, Defendant requests that Plaintiffs also be required to replead and correct this deficiency within their Second Amended Original Petition if they can, and if they cannot, that the pleading be stricken and dismissed, in whole or in part.

2.3     Additionally, the Uniform Declaratory Judgment Act is not a proper basis for recovery of attorney's fees in this case. The UDJA does not allow Plaintiffs to recover attorney's fees where they are not otherwise entitled to such recovery. A declaratory relief plea may not be coupled to a damage action simply to recover attorney's fees. *MBM Fin. Corp. v. Woodlands Operating Co., L.P.,* 292 S.W.3d 660, 669-670 (Tex. 2009); *Hartford Cas. Ins. Co. v.*

EXHIBIT 2

*Budget Rent-A Car Sys., Inc.,* 796 S.W.2d 763, 772 (Tex. App.- Dallas 1990, writ denied). For this additional reason, Defendant requests that Plaintiffs be required to replead and correct this deficiency within their Second Amended Original Petition if they can, and if they cannot, that the pleading be stricken and dismissed, in whole or in part.

### III.
### VERIFIED DENIAL

3.1     Defendant specifically denies that all conditions precedent to recovery under the policy made the basis of this suit have been fully and completely satisfied. In particular, Defendant denies that Plaintiffs have established legal entitlement to recover from the allegedly uninsured/underinsured motorist. *See Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809 (Tex. 2006).

### IV.
### SPECIFIC DENIALS AND AFFIRMATIVE DEFENSES

4.1     Defendant would show by way of affirmative defense that there are contractual provisions with which the Plaintiffs have failed to comply. Specifically, Plaintiffs have failed to establish that there are damages to which Plaintiffs are legally entitled to recover from the owners or operators of an uninsured and/or underinsured motor vehicle, as required by under the Travelers' policy. Until such time, Defendant is under no duty to pay benefits to the Plaintiffs. *Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809 (Tex. 2006); *Henson v. Southern Farm Bureau Cas. Ins. Co.,* 17 S.W.3d 652 (Tex. 2000).

4.2     By way of affirmative defense, Defendant alleges that Plaintiffs' alleged damages, if any, do not exceed the available liability insurance and as such, Defendant is entitled to an offset for all available liability insurance. Additionally, Defendant alleges that it is entitled to an offset for all amounts paid or payable to Plaintiffs under any workers compensation policy. Defendant is also

EXHIBIT 2

entitled to an offset for any amounts paid or payable to Plaintiff or Plaintiffs for auto medical expense coverage or Personal Injury Protection ("PIP") Coverage.

4.3     Defendant affirmatively pleads that any injuries, damages or liabilities complained of by Plaintiffs herein are the result, in whole or in part, of pre-existing conditions, injuries, diseases, and disabilities or of subsequent conditions, injuries, diseases, or disabilities of Plaintiffs, or complications of such injuries, diseases, disabilities, and conditions, and are not the result of any act or omission on the part of Defendant.

4.4     Defendant affirmatively pleads that in the unlikely event that it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts actually paid or incurred by or on behalf of Plaintiffs as set forth in Chapter 41.0105 of the Texas Civil Practice and Remedies Code.

4.5     Defendant affirmatively pleads that Plaintiffs are not entitled to attorney's fees pursuant to the UDJA /Texas Civil Practice & Remedies Code § 37.001, et seq. The subject matter of Plaintiffs' claim against Defendant, to establish the condition precedent to recover of uninsured/underinsured motorist benefits, is not the proper subject matter for declaratory relief under Section 37.004. The uninsured/underinsured motorist benefits provision is a unique provision which requires that the insured establish what he is legally entitled to recover from the alleged uninsured/underinsured motorist by obtaining a judgment or by reaching an agreement with the insurer regarding liability and damages. *Brainard* 216 S.W.3d 809 at 817. However, there is no question regarding the construction or validity of the policy. Accordingly, the Declaratory Judgment statute is inapplicable to Plaintiffs' claim against Defendant and does not create a basis for them to recover attorneys' fees.

EXHIBIT 2

## V.
### DEMAND FOR JURY TRIAL

5.1     Defendant herein makes its demand for a jury trial in this case.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing hereof, Plaintiffs recover nothing from this Defendant, but Defendant go hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Jacquelyn Chandler*
J. Richard Harmon
State Bar No. 09020700
rharmon@thompsoncoe.com

Jacquelyn Chandler
State Bar No. 24001866
jchandler@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile:  (214) 871-8209

**ATTORNEYS FOR DEFENDANT
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA**

DEFENDANT'S FIRST AMENDED ANSWER – Page 5
2650808v3
11026.012

EXHIBIT 2

## CERTIFICATE OF SERVICE

I certify that on February 27, 2017, the foregoing document was served on all counsel of record via electronic service and/or facsimile and/or first class mail.

Mr. Raul Malhotra
The Malhotra Law Firm
319 North Grant Avenue
Odessa, TX 79761


/s/Jacquelyn Chandler
Jacquelyn Chandler

DEFENDANT'S FIRST AMENDED ANSWER – Page 6
2650808v3
11026.012

EXHIBIT 2

## VERIFICATION

STATE OF MISSISSIPPI        §
                                       §

COUNTY OF _RANKIN_         §

BEFORE ME, the undersigned notary public, on this day personally appeared MATT WILLSON, for Travelers Property Casualty Company of America, being by me duly sworn on his oath deposed and said that he has read the above and foregoing First Amended Original Answer, Special Exceptions, Verified Denial and Affirmative Defense; and that the factual statements contained within paragraph 3.1 are within his personal knowledge, and are true and correct.

_____
Matt Willson

SUBSCRIBED AND SWORN TO BEFORE ME by Matt Wilson on this the _FEB, 27, 2017,_ to certify which witness my hand and official seal.

_____
Notary Public, in and for the
State of Mississippi

My Commission Expires:                     Typed or Printed Name of Notary:

_Aug 29, 2018_                             _Lee Ann Barber_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 96923
LEE ANN BARBER
Commission Expires
Aug. 29, 2018
MADISON COUNTY

VERIFICATION

EXHIBIT 2

Filed: 9/27/2017 2:44 PM
Patricia Oyerbides
District Clerk
Ward County, Texas

Tommie Lujan

CAUSE NO. 15-09-23690-CVW

| | | |
|---|---|---|
| MATTHEW S. BACA and<br>ERIC RIVERA<br>　　　　*Plaintiffs,*<br>V.<br>THOMAS W. EDWARDS and ROYALTY WELL<br>SERVICES, INC.<br>　　　　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>143RD JUDICIAL DISTRICT<br><br>WARD COUNTY, TEXAS |

## PLAINTIFFS' THIRD AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MATTHEW S. BACA and ERIC RIVERA, hereinafter referred to as "Plaintiffs," complaining of TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, hereinafter referred to as "TRAVELERS," Defendant, and for cause of action would respectfully show unto the Court the following:

### I.　RULE 190.4 DISCOVERY STATEMENT

Pursuant to TEX. R. CIV. PRO. 190.4, Plaintiffs hereby give notice that discovery is intended to be conducted under Level 3.

### II.　PARTIES

The Plaintiffs are residents of Odessa, Ector County, Texas.

The Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, is a foreign insurance company organized under the Laws of the State of Connecticut, and engaging in the business of insurance in the State of Texas under Texas Department of Insurance license number 83820. The Defendant has made an appearance before the court; thus no service is requested at this time.

### III.　MISNOMER/ALTER EGO

In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties

---

*Baca/Rivera v Travelers—Π's 3D AMD. PET.*　　　　　　　　　　　　　　　　　Page 1

EXHIBIT 2

named herein. Alternatively, the Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV. VENUE

Venue of this lawsuit is proper in Ward County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002 (a)(1), in that all or a substantial part of the events giving rise to the underlying motor vehicle collision, occurred in Ward County, Texas.

## V. FACTS

On or about January 20, 2014, Plaintiffs were traveling eastbound on FM2355, Pyote, Ward County, Texas. At or about the same time, THOMAS W. EDWARDS was traveling northbound on SP-247, an intersecting road when; suddenly, recklessly and without warning, EDWARDS drove off the roadway, into and through a vacant lot, and struck the Plaintiffs' vehicle. As a result, the Plaintiffs suffered injuries and damages, more specifically described herein.

At all times relevant hereto, EDWARDS was operating his vehicle under the influence of alcohol and was intoxicated. Further, EDWARDS was in the course and scope of his employment with ROYALTY WELL SERVICES, INC., and furthering the business affairs of the same.

Finally, at the time of the incident made the basis of this lawsuit, Plaintiffs were occupying a vehicle owned by their employer Pyramid Instrumentation & Electric Corp., which was insured under a policy of insurance with **Travelers**. The policy contained provisions to provide for damages caused by an underinsured motorist ("UM"). Plaintiffs are therefore entitled to the benefits and coverage of that UM policy. Despite Plaintiffs' compliance with the terms and provisions of the policy and the law, Defendant has failed its contractual obligations, acted in bad faith, and refused to provide coverage under the UM policy provisions in question.

## VI. DECLARATORY JUDGMENT

All parties herein are interested under written contracts as described by Texas Civil Practice and Remedies Code §37.04 and Plaintiffs seeks a declaration by the Court of their rights and obligations arising pursuant to said contracts. Specifically:

(a)     Underinsured Motorist benefits exist for the injuries and damages sustained by the Plaintiffs as a result of the underlying motor vehicle collision of January 20, 2014; and

---

EXHIBIT 2

(b)     that Plaintiffs recover their attorney's fees as a result of having to file and prosecute this action.

## VII. ATTORNEY FEES

Pursuant to Texas Civil Practices and Remedies Code § 37.009, Plaintiffs request recovery of all costs expended in the prosecution of this action as well as reasonable and necessary attorney's fees as are equitable and just and incurred in connection herewith.

## VIII. RELIEF

As a result of the facts set out hereinabove Plaintiffs seek declaratory and monetary relief in an amount not to exceed $1,000,000.

## IX. JURY DEMAND

Plaintiffs hereby demands a trial by jury.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear, and after hearing, Plaintiffs have judgment against Defendant as stated above; for damages in an amount that do not exceeds $1,000,000; for costs of court; attorney's fees, and for such other and further relief to which the Plaintiffs may be justly entitled either at law or equity.

Respectfully submitted,

HANNA LAW FIRM, PC
319 N. Grant Avenue
Odessa, Texas  79761
P: 432.580.4878 | F: 432.337.7383

By: _____
Jon Hanna
State Bar No. 08919200
Jon@HannaLawFirm.com
ATTORNEY FOR PLAINTIFFS

EXHIBIT 2